UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA DAVIES,

    **Plaintiff,**

v.                                                                    Case #_____

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON,

    **Defendants.**
_____/

## COMPLAINT

The Plaintiff, PATRICIA DAVIES (hereafter referred to as "DAVIES") sues the Defendant, LIBERTY LIFE ASSURANCE COMPANY OF BOSTON (hereafter referred to as "LIBERTY"), and states:

### Jurisdiction and Venue

1. This is an action for relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et. seq.

2. This Court has jurisdiction pursuant to ERISA § 502, 29 U.S.C. § 1132.

3. LIBERTY is an insurance company licensed to transact business in Florida, which is or was at all relevant times engaged in business in this District.

4. DAVIES is and/or was a participant in each of the plans, funds, programs, or arrangements described herein, or in the alternative, was at all

times relevant a participant in each of the plans, funds, programs, or arrangements described herein.

5. DAVIES is and/or was a former employee of Wal-Mart Stores, Inc..

6. At all relevant times, DAVIES was a participant in an employee benefit plan providing disability benefits sponsored by her employer, Wal-Mart Stores, Inc. ("the Plan").

7. Wal-Mart Stores, Inc. is the Plan Sponsor.

8. Wal-Mart Stores, Inc. played no part in the administration of the plan or claims determination.

9. A copy of the document which was purported to be the Plan's Group Policy is attached hereto and incorporated by reference as **Exhibit "A."** DAVIES believes that the Group Policy was prepared by LIBERTY, not Wal-Mart Stores, Inc..

10. The document claimed to be the Group Policy is a group disability insurance policy issued and underwritten by LIBERTY (Group Policy No. GD/GF3-850-290765-01 – Exhibit "A").

**Long Term Disability Benefit Claim**

11. DAVIES last worked on May 30, 2016 and made a claim for Short Term Disability benefits and paid DAVIES Short Term Disability benefits through November 28, 2016.

12. DAVIES made a claim for Long Term Disability benefits on January 3, 2017.

13. LIBERTY denied DAVIES Long Term Disability benefits on February 27, 2017.

14. DAVIES advised LIBERTY she intending to appeal this denial on March 7, 2017.

15. LIBERTY advised DAVIES that was not a true denial and requested additional medical records.

16. DAVIES submitted additional medical records on April 28, 2018.

17. LIBERTY denied DAVIES Long Term Disability benefits on May 11, 2017.

18. DAVIES filed a timely appeal on November 3, 2017.

19. On December 13, 2017, LIBERTY overturned its denial and reinstated DAVIES' benefits.

20. On March 5, 2018, LIBERTY terminated DAVIES' benefits as of March 1, 2018.

21. On March 12, 2018, LIBERTY reinstated DAVIES' benefits upon additional review.

22. On June 13, 2018, LIBERTY once again terminated DAVIES' benefits stating she does not meet the definition of disability.

23. On August 3, 2018, DAVIES was approved for Social Security Disability. The decision is attached as **Exhibit "B"**

24. DAVIES' filed a timely appeal on September 26, 2018.

25. On November 21, 2018, LIBERTY upheld its denial.

26. LIBERTY has refused to pay the benefits sought by DAVIES and as ground for such refusal has alleged that Plaintiff does not meet the definition of disability from any occupation.

27. With respect to all claims made herein, DAVIES has exhausted all administrative/pre-suit remedies.

28. DAVIES is entitled to certain benefits under the Plan consisting of benefits for Long Term Disability since June 13, 2018 through the date of filing this action.

29. DAVIES has met the definition of total disability based upon restrictions and limitations as a result vision problem, hearing problems, inflammatory polyarthropathy, fatigue, migraines, neck pain, back pain, hyperglycemia, shoulder pain, GERD, hypertension, right hand pain/weakness, temporomandibular joint disorder, vitamin B12 deficiency anemia, and vitamin D deficiency.

30. DAVIES suffers from numerous side effects as a result of the medications she takes for her conditions.

31. DAVIES has not been released back to work.

**Standard of Review Base on Arkansas' Ban on Discretionary Language**

32. LIBERTY's policy GD/GF3-850-290765-01 sponsored by Wal-

Mart Stores, Inc. to provide Long Term Disability benefits has clear language the indicates the policy is "Governing Jurisdiction is Arkansas and subject to the laws of that State."

33. Arkansas Rule 101 §4, bans the use of discretionary clauses in disability income policies as follows:

> ***Section 4 Discretionary Clauses Prohibited***
> *No policy, contract, certificate or agreement offered or issued in this State providing for disability income protection coverage may contain a provision purporting to reserve discretion to the insurer to interpret the terms of the contract, or to provide standards of interpretation or review that are inconsistent with the laws of this State.*

34. Based on the plain and unambiguous language of the policy and the laws of Arkansas, de novo review applies.

### **Standard of Review Based on Lack of Delegation of Discretion**

35. Even if the Arkansas discretionary ban did not apply to this matter, the standard of review for this matter is de novo.

36. The group policy was drafted in its entirety by LIBERTY.

37. The group policy is a contract of adhesion.

38. The group policy was issued to Wal-Mart Stores, Inc. by LIBERTY.

39. LIBERTY and the plan sponsor, Wal-Mart Stores, Inc., also use the group insurance policy as the Plan document.

40. No plan documents exists other than the group insurance policy.

41. No originating plan document exists which instituted the Plan.

42. No originating plan document or other document exists in which Wal-Mart Stores, Inc. reserved any discretionary authority to itself in relation to the Plan.

43. At no time did Wal-Mart Stores, Inc. discuss or correspond with LIBERTY about the existence, meaning, or significance of delegating discretionary authority from Wal-Mart Stores, Inc. to LIBERTY before purchasing the group insurance policy to fund its disability plan.

44. At no time did Wal-Mart Stores, Inc. retain discretionary authority over any feature of the Plan, and it did not retain the authority to delegate any discretionary authority to LIBERTY for any purpose.

45. At the inception of its Plan, Wal-Mart Stores, Inc. did not retain the authority to delegate discretionary authority of any type to any insurance company from which either were going to purchase or purchased an insurance policy to fund the Plan.

46. At the time it purchased the group disability insurance policy from LIBERTY, Wal-Mart Stores, Inc. did not have any discretionary authority which it could delegate to another entity or person (including an insurance company).

47. The group disability insurance policy was drafted entirely by LIBERTY.

48. No document prepared by Wal-Mart Stores, Inc. outlines procedures for delegating discretionary authority.

49. No document prepared by Wal-Mart Stores, Inc. delegates any discretionary authority to LIBERTY.

50. LIBERTY was not delegated discretionary authority such that its claim decision is entitled to a discretionary or arbitrary and capricious standard of review, because or one or more of the following:

    a. No plan sponsor or administrator ever had the authority to delegate discretion to LIBERTY following the inception of its disability plan and/or no procedure was established to delegate discretion from Wal-Mart Stores, Inc. to LIBERTY;

    b. Discretionary authority is a material concept that LIBERTY never addressed or discussed with any plan sponsor or administrator;

    c. The group insurance policy is a contract of adhesion drafted entirely by the funding source company which cannot inject discretion into the plan for the first time;

    d. If Wal-Mart Stores, Inc. had power to delegate discretion, it never properly delegated discretionary authority over claims decisions to LIBERTY.

51. De novo review applies to this action.

52. LIBERTY is the Plan's claims fiduciary, deciding all aspects of claims under the insurance policy.

53. ERISA imposes "higher-than-marketplace quality standards on insurers." *Metropolitan Life Ins. Co. v. Glenn*, 128 S.Ct. 2343, 2350 (2008)

54. To the extent this Court determines that this action is subject to arbitrary and capricious review, LIBERTY, in its capacity as the plan's claim fiduciary, acted arbitrarily and capriciously by engaging in one or more of the following actions which failed to meet the standards imposed on ERISA fiduciaries and deprived DAVIES of the full and fair review required by 29 U.S.C. §1133:

   a. Failing to consider all of DAVIES' evidence;

   b. Cherry-picking information from documents that it used to support a decision uphold its termination of benefits, while ignoring or failing to consider evidence that supported reversing the termination decision;

   c. Accepting the unsupported conclusions of a reviewing physician it hired to provide to provide an allegedly independent opinion;

   d. Failing to properly consider the restrictions and limitations outlined by DAVIES' physicians;

   e. Failing to properly analyze the impact of pain on DAVIES' ability to work;

   f. Failing to consider the impact of difficulty concentrating and maintaining attention on DAVIES' ability to work;

   g. Failing to consider the award of Social Security benefits;

   h. Failure to explain why it rejected the findings of the Social Security Administration who has a more ridged definition of disability than LIBERTY;

   i. Failure to consider two Functional Capacity Evaluations DAVIES underwent;

j. Failing to properly evaluate the evidence in total, including but not limited to, failing to fully consider all relevant evidence;

k. Relying upon the opinion of a vocational evaluator which did not consider all of the evidence;

l. Relying upon the opinion of a vocational evaluator that indicated DAVIES could perform sedentary work when the FCE provided limitations that excluded sedentary work;

m. Failing explain why it rejected the opinions of the treating physicians.

55. Any claims paid under the group insurance policy, are paid by LIBERTY entirely from LIBERTY's assets.

56. No Wal-Mart Stores, Inc. assets are used to pay claims under the group policy funding the Long Term Disability plan.

57. To the extent that this court determines that de novo review does not apply to this action, LIBERTY pays claims from its own general assets as the claims decision maker and funder of the group insurance policy and LIBERTY operates under a conflict of interest. In such case, LIBERTY's conflict of interest must be considered as a factor in whether LIBERTY acted arbitrarily and capriciously, including but not limited the way in which LIBERTY allowed its conflict of interest to cause it to engage in some or all of the biased claims handling procedures described above to deprive DAVIES of a full and fair review as required by law.

## Benefits at Issue

58. LIBERTY paid DAVIES' benefits until March 2, 2018 at a rate

of $2,009.65 per month.

59. DAVIES' Social Security Benefits were recently approved, providing an offset of $1,161.00 per month.

60. There are 6 months of past due monthly benefit payments owed through the date of filing this action; and at the rate of $848.65 per month, LIBERTY has deprived DAVIES of the aggregate sum of $5,714.24.

61. Plaintiff is entitled to benefits herein because:

   a. The benefits are permitted under the Plan.

   b. Plaintiff has satisfied all conditions to be eligible to receive the benefits.

   c. Plaintiff has not waived or relinquished entitlement to the benefit.

62. Each monthly benefit payment owed since June 13, 2018, is a liquidated sum, and became liquidated on the date the payment was due and payable. Plaintiff seeks prejudgment interest on each such payment.

63. Pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), "DAVIES is entitled to an award of reasonable attorney fees and costs incurred in an action brought under ERISA. Plaintiff has been required to obtain the undersigned attorney to represent her in this matter and has agreed to a reasonable attorney fee as compensation to him for his services.

**WHEREFORE**, the Plaintiff, DAVIES, asks this Court to enter judgment against the Defendant, LIBERTY, a foreign corporation, finding that:

a. The Plaintiff is entitled to Long Term Disability benefits from June 13, 2018, through the filing of this lawsuit; and

b. The Plaintiff must be awarded benefits in the amount not paid to the Plaintiff from June 13, 2018, to the date of filing this lawsuit—a total of $5,714.24—together with prejudgment interest at the legal rate on each monthly payment from the date it became due until the date it is paid; and

c. The Plaintiff must be awarded reasonable attorney fees and costs incurred in this action; and

d. For such other and further relief as this Court deems just and proper, including but not limited to:

   1. a declaration that Plaintiff's same claim for benefits continues after the last date of benefits awarded by the Court, without need to file a new application for benefits, and

   2. remanding Plaintiff's claim to the Plan Administrator for further action to address continuing benefits after the final date of benefits awarded by this Court, and

   3. ordering Defendant to advise Plaintiff's former employer or any other necessary entity that benefits in this action were properly paid through the date of this Court's Order awarding benefits for purposes of coordinating or reinstating any ancillary benefits which should properly be paid or for which coverage should be awarded as a result of Plaintiff's receipt of disability benefits under the Plan.

DATED this **4th** day of **January 2019**

                                      **/s/ William C. Demas**
WILLIAM C. DEMAS, ESQUIRE
Florida Bar # 0142920
JOHN V. TUCKER, ESQUIRE
Florida Bar # 0899917
TUCKER & LUDIN, P.A.
5235 16th St. North
St. Petersburg, FL  33703
Tel.:   (727) 572-5000
Fax:   (727) 571-1415
demas@tuckerludin.com
tucker@tuckerludin.com
Attorneys and Trial Counsel for Plaintiff